STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2026 CJ 0070

STATE OF LOUISIANA
IN THE INTEREST OF K.J.

JUDGMENT RENDERED: _____ **JUL 2 3 2026**

* * * * * * *

Appealed from the Juvenile Court in and for the Parish of East Baton Rouge
Parish of East Baton Rouge • State of Louisiana
Docket Number 116469 • Section B

The Honorable Gail Grover, Presiding Judge

* * * * * * *

| | |
|---|---|
| J.S., *in proper person*<br>Baton Rouge, Louisiana | APPELLANT<br>INTERVENOR —Maternal<br>Grandmother, J.S. |
| Jane Hogan<br>Hammmond, Louisiana | COUNSEL FOR APPELLEE—<br>Mother, J.S. |
| Ryan Dahlquist<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE—<br>Father, D.J. |
| Courtney Skidmore<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE—<br>Child, K.J. |
| Hillar Moore<br>Joy Reeves<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE—<br>State of Louisiana |

* * * * * * *

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

**EDWARDS, J.**

The maternal grandmother and legal custodian of a child adjudicated to be in need of care pursuant to Louisiana Children's Code article 606(A)(3) seeks review of the juvenile court's September 26, 2025 amended custody order. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 11, 2022, the Juvenile Court in and for the Parish of East Baton Rouge ("the juvenile court") signed an instanter order, finding there was reason to believe 9-year-old K.J. was a child in need of care in accordance with Louisiana Children's Code article 606. The instanter order provided that K.J. be placed in the custody of the Louisiana Department of Children and Family Services ("DCFS") pending the timely filing of a child in need of care ("CINC") petition and adjudication.

A DCFS employee, Ms. Smith, executed an affidavit in support of the instanter order. Therein, Ms. Smith alleged that DCFS received a report of neglect/dependency on January 10, 2022, and that K.J. was currently in the custody and care of her grandmother ("Appellant"). Ms. Smith reported that DCFS was notified that Appellant was recently placed on a 72-hour involuntary psychiatric hold for "being irate and non-cooperative during a medical exam[,]" leaving K.J. without a legal caretaker. At the time, there was no other known caretaker for K.J.

The juvenile court held a continued custody hearing on January 13, 2022. At the hearing, the juvenile court noted that the whereabouts of both of K.J.'s parents were unknown and appointed the Public Defender Indigent Parent Program as curator to represent the absentee parents.[1] After an evidentiary hearing, the juvenile

---

[1] It was later discovered that K.J.'s father ("D.J.") was in the custody of Caddo Parish Prison. Sometime thereafter, D.J. was released, and DCFS was unable to locate him. At the adjudication hearing held on March 29, 2022, the juvenile court found that the curator for D.J. provided due

2

court found reasonable grounds to believe that K.J. is a child in need of care in accordance with Louisiana Children's Code article 606(A)(3) and should remain in the continued custody of DCFS.

A CINC petition was filed on January 25, 2022. Therein, DCFS alleged that K.J. was a child in need of care pursuant to Louisiana Children's Code article 606(A)(2) and (3). At an appearance hearing on February 15, 2022, the juvenile court ordered DCFS to assess Appellant's home for potential placement. On March 29, 2022, Appellant filed a motion for intervention in the CINC proceedings. Appellant alleged that she is the maternal grandmother of K.J. and had been the primary caregiver for K.J. for the past four years. Appellant acknowledged that she was placed under an involuntary psychiatric hold but noted she was no longer under the hold and was "willing and able" to provide K.J. with a "permanent, loving home." The juvenile court granted Appellant's motion for intervention following a hearing on May 10, 2022.

The juvenile court held an adjudication hearing as to K.J.'s mother ("J.S.") on March 29, 2022. Counsel for J.S. stipulated that K.J. should be adjudicated in need of care based upon Article 606(A)(3). The juvenile court rendered judgment in accordance with J.S.'s stipulation and adjudicated K.J. as a child in need of care in accordance with Article 606(A)(3). The juvenile court ordered K.J. to remain in the custody of DCFS pending further proceedings.

The juvenile court held a disposition hearing on April 26, 2022. At the conclusion of the hearing, the juvenile court ordered that: (1) K.J. be removed from DCFS custody and placed in the legal and physical custody of Appellant for a period of not more than four years or until further order of the juvenile court; (2) J.S. be granted visitation "as considered reasonable by [Appellant]"; (3) the February 9,

---

and diligent services to locate him and ordered that counsel's curator appointment be converted to counsel on behalf of D.J.

2022 case plan be approved[2]; and (4) the family remain in protective supervision of DCFS for 90 days.[3] In addition, the juvenile court set the matter for a review hearing to allow the court to continue to receive medical and mental health updates from Appellant's treating physician. The juvenile court signed a custody order in accordance with its oral rulings at the disposition hearing on May 4, 2022. An amended custody order was signed on October 4, 2022 ("the 2022 custody order"), to account for supervised visitation awarded to the child's father, D.J., after his disposition hearing.[4]

Approximately three years later, J.S. filed a letter into the record of the CINC proceedings requesting that custody of K.J. be returned to her. Therein, J.S. alleged that she completed all provisions of the case plan and that Appellant was not allowing visitation. The juvenile court set a hearing for April 17, 2025, at which time the juvenile court ordered Appellant and J.S. to submit to a drug screening and ordered DCFS to assess J.S.'s home.

The juvenile court held a hearing to consider modification of the judgment of disposition on August 5, 2025, and September 12, 2025 (collectively "the 2025 hearing"). On August 5, 2025, J.S. testified extensively regarding her battle with addiction and the steps she has taken to better her life. The juvenile court then recessed until September 12, 2025. When the parties returned to court on September 12, 2025, counsel for J.S. advised the court that the parties agreed to a modification of the 2022 custody order whereby J.S. would have unsupervised visitation every

---

[2] The February 9, 2022 case plan does not appear in the record before us.

[3] The juvenile court terminated protective supervision by DCFS on August 23, 2022.

[4] An adjudication and disposition hearing as to D.J. was held on May 10, 2022. The juvenile court adjudicated K.J. as a child in need of care in accordance with Louisiana Children's Code article 606(A)(3) as to D.J. as well. Thereafter, counsel for D.J. waived dispositional delays, and the juvenile court ordered that: (1) K.J. be removed from DCFS custody and placed in the legal and physical custody of Appellant for a period of not more than four years or until further order of the court; (2) D.J. be granted supervised visitation; and (3) the February 9, 2022 case plan be approved.

4

other weekend, with K.J. retaining the option to refuse visits. The 2022 custody order was also extended to the end of the 2025-2026 school year, and counsel for Appellant clarified that custody would remain with Appellant during this time. The juvenile court advised that it would require Appellant to submit to a psychological evaluation. The juvenile court signed a judgment memorializing these rulings on September 26, 2025 ("the 2025 judgment").

On September 25, 2025, Appellant filed a "Notice of Intent to Seek Supervisory Writ of Review" regarding the 2025 judgment. The juvenile court signed an order granting Appellant an appeal on September 30, 2025.[5] On appeal, Appellant assigns the following errors to the juvenile court's ruling: (1) it erroneously placed the burden of proof for a custody modification on Appellant; (2) it erroneously found the modification of custody would be in the best interest of the child; (3) it violated due process by accepting the parties' stipulation without considering testimony of K.J. and Appellant; (4) it committed legal error by ordering Appellant to undergo a psychological evaluation; (5) it lacked jurisdiction to reopen the custody proceedings in the CINC case; and (6) it erroneously converted Appellant's notice of intent to seek supervisory review to a motion for appeal.

## JURISDICTION

A threshold issue in any case is whether this court's appellate jurisdiction is properly invoked by a valid final judgment. **State in Interest of I.K.**, 2018-0406 (La. App. 1 Cir. 9/21/18), 257 So.3d 694, 696. In this case, Appellant raises two separate jurisdictional arguments: (1) the judgment Appellant seeks to review is interlocutory in nature and therefore the juvenile court erred in converting her notice of intent for supervisory review to a motion for appeal; and (2) the juvenile court did not have jurisdiction over custody proceedings in the CINC case.

---

[5] This order contains a handwritten note that states: "This matter is being treated as an appeal, due to the ruling on September 12, 2025[,] being a final judgment."

The Louisiana Children's Code gives the right to appeal from a judgment of disposition. See La. Ch.C. art. 330(B). By implication, the Children's Code also gives the right to appellate review of a modification of judgment of disposition as demanded by La. Const. art. V, § 10, which grants courts of appeal jurisdiction in all matters appealed from family and juvenile courts. **Interest of A.H.**, 2018-0389 (La. App. 1 Cir. 12/21/18), 2018 WL 6718582, *1 (unpublished). Herein, the 2025 judgment—the judgment from which Appellant seeks relief—was the result of a hearing scheduled in response to J.S.'s letter to the court seeking a return of custody of K.J. A request for change of custody, such as the one the juvenile court received from J.S., is a request for change of disposition. See **State in Interest of H.W.**, 2013-0231 (La. App. 1 Cir. 7/25/13), 121 So.3d 1200, 1203, writ denied, 2013-2217 (La. 10/11/13), 123 So.3d 1229.

Although the juvenile court did not modify custody, it did modify its disposition, namely the 2022 custody order, by giving J.S. visitation rights every other weekend. Therefore, the 2025 judgment is a judgment granting a motion to modify disposition. Thus, the juvenile court correctly considered Appellant's notice of intent to be a motion for appeal, and this court has jurisdiction over the appeal of the 2025 judgment.

Further, the juvenile court has continuing jurisdiction over CINC proceedings and has exclusive authority to modify any custody determination rendered, including the consideration of visitation rights. See La. Ch.C. art. 309(A)(1); **Int. of H.W.**, 121 So.3d at 1203. Nevertheless, a court exercising juvenile jurisdiction no longer exercises such jurisdiction upon: (1) declination of jurisdiction; (2) transfer of the proceeding; (3) expiration or satisfaction of an informal adjustment agreement; (4) expiration or satisfaction of an informal family services plan agreement; (5) expiration, satisfaction, or vacation of a juvenile disposition or adult sentence; or (6) dismissal of the proceeding. The record does not reflect any of these conditions.

6

Therefore, we find the court retained jurisdiction over this CINC case and had the authority to modify the judgment of disposition. See La. Ch.C. art. 309. Accordingly, we find no merit to this assignment of error.

## LAW AND ANALYSIS

In this case, Appellant assigns three errors to 2025 judgment. First, she contends the juvenile court erroneously placed the burden of proof for the custody modification on Appellant. Second, she asserts the juvenile court accepted the parties' stipulation without her clear, knowing, and voluntary consent. Third, Appellant contends that her due process rights were violated because the juvenile court accepted the stipulation before hearing testimony from her and/or K.J.

### *Modification of Disposition*

A judgment of disposition may be modified if the court finds that the conditions and circumstances justify the modification. La. Ch.C. art. 716. The burden of proving justification for modification of a custody disposition of a child earlier found in need of care is on the party who seeks to modify the disposition of custody. **State in Interest of S.G.**, 95-2063 (La. App. 1 Cir. 3/25/96), 676 So.2d 109, 111.

It is well settled that an appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or in the clearest case of abuse of the court's great discretion. **State in Interest of A.S.**, 2019-0248 (La. App. 1 Cir. 9/4/19), 285 So.3d 1129, 1140. The two-part manifest error test considers: (1) whether there is a reasonable factual basis in the record for the finding of the court; and (2) whether the record further establishes that the finding is not manifestly erroneous. If a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Moreover, where factual findings are based on determinations regarding the credibility of witnesses, the trier

7

of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. **Int. of A.S.**, 285 So.3d at 1140.

In this case, the parties entered a stipulation that was read into the record at the September 12, 2025 hearing. The parties agreed to a modification of the 2022 custody order whereby J.S. would have unsupervised visitation every other weekend, with K.J. retaining the option to refuse visits. In addition, the 2022 custody order, which was originally set to expire on April 26, 2026, was extended to the end of the 2025-2026 school year (so as not to create a disruption of K.J.'s schedule during the school year). Counsel for Appellant clarified on the record that custody would remain with Appellant during this time.

The juvenile court accepted the parties' stipulation and noted on the record that based on the evidence presented in August, it appeared that J.S. did a lot of work on herself. The juvenile court also stated that more frequent visitation with J.S. prior to the expiration of the 2022 custody order would be in the best interest of the child so that the bond between mother and child has an opportunity to develop. No one objected to the terms of the stipulation during the 2025 hearing or thereafter. Nevertheless, Appellant argues the stipulation was entered without clear, knowing, and voluntary consent from Appellant and without due process.

A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. See La. C.C. art. 1853; **Watkins v. Lake Charles Memorial Hosp.**, 2013-1137 (La. 3/25/14), 144 So.3d 944, 957. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. Such agreements are the law of the case. **Watkins**, 114 So.3d at

8

957. Accordingly, we conclude that, since the parties stipulated to the change in visitation for J.S., the juvenile court did not err in awarding such visitation.

### *Order for Psychiatric Evaluation*

Lastly, Appellant argues the juvenile court impermissibly ordered her to undergo a psychological evaluation without evidence placing her mental fitness at issue or otherwise identifying a factual basis for such an examination. We disagree.

In cases involving the custody of children, the trial court is vested with a vast amount of discretion. **Int. of A.S.**, 285 So.3d at 1140. While we acknowledge the requirement that Appellant submit to a psychological evaluation was not part of the stipulation of the parties,[6] the health, welfare, safety, and best interest of the child are paramount in all CINC proceedings. La. Ch.C. art. 601. Appellant's mental health was the catalyst for these CINC proceedings and remains relevant to custody, especially in light of the fact that K.J. remains in the custody of Appellant. Accordingly, we find no abuse of the juvenile court's vast discretion in ordering Appellant to submit to a psychological evaluation.

### DECREE

For the above and foregoing reasons, the September 26, 2025 judgment of the Juvenile Court in and for the Parish of East Baton Rouge Parish is affirmed. All costs of this appeal are assessed to Appellant.

**AFFIRMED.**

---

[6] We note Appellant's attorney did not object to the psychological evaluation when ordered by the juvenile court in open court or thereafter.